**REVERSE and AFFIRM in part; REMAND and Opinion Filed July 30, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-01138-CV

**JOHN S. BUTTLES, JR., Appellant**
**V.**
**INFINITE FINANCIAL CORPORATION AND TED L. FERRIER, III,**
**Appellees**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-00809-2023**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Nowell

John S. Buttles, Jr. appeals the trial court's denial of his motion to dismiss the counterclaims filed against him by Infinite Financial Corporation and Ted L. Ferrier, III. In a single issue, Buttles argues the trial court erred by denying his motion to dismiss asserted pursuant to the Texas Citizens Participation Act. We affirm the trial court's order in part, reverse the order in part, and remand the cause for further proceedings.

FACTUAL BACKGROUND

Ferrier is a licensed mortgage originator who was an agent with Infinite Financial, a licensed mortgage company. Buttles worked with appellees to attempt to refinance the mortgage on a property he owned. Buttles claims appellees failed to timely secure a new loan before interest rates rose above the rate of Buttles's existing loan.

Buttles filed a complaint about Ferrier with the Texas Department of Savings and Mortgage Lending (SML) and then sued appellees for violations of the Texas Finance Code. Appellees counterclaimed for fraud, tortious interference with current or prospective business relations, business disparagement, negligent misrepresentation, and breach of contract. In response, Buttles filed a TCPA motion to dismiss several counterclaims. Buttles attached documents to his motion, including appellees' disclosures in which they stated:

> Plaintiff represented to Defendants that he did not have a judgment against him when he applied for the loan. With the judgment[,] he could not have even been approved for the loan he was seeking. In addition, he misrepresented the facts of the transaction to [the SML]. Specifically, he failed to disclose to the SML that he had a judgment against him and would not have qualified for the loan he was seeking from Defendants. He further failed to disclose that he lied on a form submitted to the lender stating that he had no judgments. In addition, upon information and belief, he misrepresented to the SML facts to disparage Defendants and to attempt to seek leverage in this lawsuit that he knew he would be filing.

After Buttles filed his TCPA motion to dismiss, appellees amended their counterclaims to assert claims for fraud, negligent misrepresentation, breach of

contract, and declaratory judgment. Appellees also responded to Buttles's TCPA motion and attached documents showing Buttles had an outstanding judgment against him at the time he applied for the loan but represented there were no outstanding judgments against him.

Following a hearing, the trial court denied Buttles's TCPA motion to dismiss. This interlocutory appeal followed.[1]

## LEGAL STANDARD

The TCPA is designed to protect a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries the defendant caused. *See* TEX. CIV. PRAC. & REM. CODE § 27.002. To accomplish this objective, the Act provides a three-step process for the dismissal of a "legal action" to which it applies. *Montelongo v. Abrea*, 622 S.W.3d 290, 295-96 (Tex. 2021). First, the moving party must show by a preponderance of the evidence that the TCPA applies to the legal action against him. *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 914 (Tex. 2023) (citing TEX. CIV. PRAC.

---

[1] Appellees amended their counterclaims after Buttles filed his TCPA motion to dismiss and before the trial court issued its order denying the motion. The TCPA does not state whether the trial court should consider the pleadings at the time the motion to dismiss is filed or as subsequently amended. The Fourteenth District Court of Appeals has determined the court must consider the claims as pleaded at the time the TCPA motion is filed. *See Hart v. Manriquez Holdings, LLC*, 661 S.W.3d 432, 438 (Tex. App.—Houston [14th Dist.] 2023, no pet.); *Saks & Co., LLC v. Li*, 653 S.W.3d 306, 314 (Tex. App.—Houston [14th Dist.] 2022, no pet.). In his appellate brief, Buttles argues the trial court erred by denying his motion to dismiss appellees' counterclaims for tortious interference with current or prospective business relations, business disparagement, negligent misrepresentation, and breach of contract; Buttles informed the trial court he did not move to dismiss the counterclaim for fraud or the declaratory judgment action. Out of an abundance of caution, we will consider appellees' pleading at the time appellant filed his motion to dismiss, including considering claims that appellees are no longer pursuing.

–3–

& REM. CODE §§ 27.003, .005(b)). As is relevant here, Buttles asserts the Act applies to appellees' counterclaims because the counterclaims are based on or in response his exercising his right to petition the SML. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b)(1)(C) (a party filing a TCPA motion to dismiss must demonstrate the legal action is based on or in response to his exercise of his right to petition).

The TCPA defines the exercise of the right to petition to mean a communication in or pertaining to an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government. *See id.* § 27.001(4)(A)(iii). The SML is a governmental body of the state that is overseen by the finance commission. *See generally* TEX. FIN. CODE §§ 11.01–11.309, 13.001–13.018. A communication is defined as including "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." TEX. CIV. PRAC. & REM. CODE § 27.001(1). No party argues that Buttles did not exercise his right to petition when he filed his complaint with the SML.

If the defendant meets his initial burden, then the claimant may avoid dismissal by establishing "by clear and specific evidence a prima facie case for each essential element of the claim in question." *McLane Champions, LLC*, 671 S.W.3d at 914 (citing TEX. CIV. PRAC. & REM. CODE § 27.005(c)). "If the nonmoving party cannot satisfy that burden, the trial court must dismiss the suit." *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 27.005(c)). However, if the nonmoving party meets this

burden, then the court still must dismiss the legal action if the defendant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." TEX. CIV. PRAC. & REM. CODE § 27.005(d); *Abrea*, 622 S.W.3d at 296.

When deciding whether a legal action should be dismissed, the trial court considers the pleadings and "evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE § 27.006(a).

ANALYSIS

Buttles argues the trial court erred by denying his motion to dismiss because appellees' counterclaims are based on or in response to his complaints submitted to the SML. Appellees respond that their counterclaims are not based on Buttles's communications to the SML but instead are based on his failure to disclose information to the SML and his alleged misrepresentation to them about the outstanding judgment.

A. **Business Disparagement Claim**

In a withdrawn counterclaim, appellees alleged Buttles "published disparaging words about [their] economic interests to the SML and misstated and/or omitted relevant facts to the SML in order to disparage [them] and their business."

They alleged Buttles's statements and omissions were false and misleading and made with malice, Buttles's conduct was wrongful, and they suffered harm.[2]

"To prevail on a business disparagement claim, a plaintiff must establish that (1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff." *Mem'l Hermann Health Sys. v. Gomez*, 649 S.W.3d 415, 423 n.13 (Tex. 2022).

Appellees' pleading, which alleges Buttles published disparaging words and made other misstatements to the SML, is sufficient to meet Buttles's initial burden to show by a preponderance of the evidence that the legal action is based on or in response to the exercise of his right to petition. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b)(1)(C). Because Buttles met his initial burden, the burden shifted to appellees to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *See id.* § 27.005(c). Although damages are an element of appellees' business disparagement claim, *see Gomez*, 649 S.W.3d at 423 n.13, appellees provided no evidence of damages.

In their appellate brief, appellees set forth the elements of the cause of action and then state Ferrier "produced sufficient evidence of these elements based on his pleadings, his declaration testimony specifying Buttles's misrepresentations, his

---

[2] In their response to Buttles's TCPA motion to dismiss and on appeal, appellees argue their business disparagement claim does not implicate the TCPA because the counterclaim is based on Buttles withholding information rather than in response to Buttles's communications. Appellees' pleadings specifically allege Buttles "published disparaging words" and "misstated" relevant facts to the SML. The face of appellees' pleadings contradict their arguments.

disclosures, and his interrogatory answers regarding Buttles's fraud and his damages (which were submitted in evidence by Buttles)" and then provide record citations. Having reviewed the entire record, including appellees' record citations, the only evidence that could show appellees suffered damages is Ferrier's interrogatory response in which he states he now has a negative review with the SML, "which will affect his ability to get new business." However, Ferrier's interrogatory response is conclusory and does not satisfy the TCPA's requirement of clear and specific evidence. *See Welch v. See*, No. 03-22-00037-CV, 2023 WL 6322649, at *8 (Tex. App.—Austin Sept. 29, 2023, no pet.) (mem. op.). To satisfy the TCPA standard, the damages "evidence must be sufficient to allow a rational inference that some damages naturally flowed from the defendant's conduct." *USA Lending Grp., Inc. v. Winstead PC*, 669 S.W.3d 195, 202 (Tex. 2023). A general averment of loss fails to satisfy the TCPA's minimum requirements. *In re Lipsky*, 460 S.W.3d 579, 592-93 (Tex. 2015) (orig. proceeding). Ferrier's interrogatory response is, at best, a general averment of loss. His response is devoid of any specific facts illustrating how Buttles's alleged misrepresentations to the SML caused any specific, demonstrable loss. *See Welch*, 2023 WL 6322649, at *8; *see also Melton v. Hah*, No. 09-22-00418-CV, 2023 WL 5122497, at *9 (Tex. App.—Beaumont Aug. 10, 2023, no pet.) (mem. op.); *Undine Tex. LLC v. Ware*, No. 14-19-00777-CV, 2021 WL 5576056, at *5 (Tex. App.—Houston [14th Dist.] Nov. 30, 2021, pet. denied) (mem. op.). Further, this interrogatory response does not show that Infinite Financial suffered damages,

and Infinite Financial points to no other evidence in the record showing it was damaged.

Because appellees did not provide any evidence of damages, we conclude appellees failed to meet their burden to establish all of the requisite elements of their withdrawn business disparagement counterclaim by clear and specific evidence. Accordingly, the trial court erred by denying Buttles's motion to dismiss appellees' business disparagement counterclaim.

### B.    Tortious Interference

Ferrier and Infinite Financial also withdrew their tortious interference counterclaim wherein they alleged they have relationships that "comprised current and future economic benefit in the form of profitable contracts and transactions," Buttles was aware of and intended to disrupt those relationships, Buttles's conduct was wrongful and taken without justification or excuse, and appellees suffered damages.

To prevail on a claim for tortious interference with an existing contract, a plaintiff must establish "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *Zidan v. Zidan*, No. 05-20-00786-CV, 2022 WL 17335693, at *7 (Tex. App.—Dallas Nov. 30, 2022, pet. denied) (mem. op.) (quoting *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000)). To prevail on a claim for tortious interference with

prospective business relations, a plaintiff must establish "(1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result." *Id.* (quoting *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013) (citations omitted)).

Appellees argue their tortious interference counterclaim did not implicate the TCPA because it was based on Buttles withholding of information and did not make allegations about Buttles's complaints to the SML. We disagree.

Appellees' disclosures, which Buttles attached to his motion and describe the legal theories and factual bases of appellees' counterclaims, state that Buttles "misrepresented the facts of the transaction to" the SML and "misrepresented to the SML facts to disparage Defendants and to attempt to seek leverage in this lawsuit that he knew he would be filing." Appellees' disclosures are consistent with the facts alleged in their pleading in which they assert their counterclaims. Based on appellees' discovery responses and pleading, we conclude Buttles met his initial burden to show the TCPA applies to their tortious interference counterclaim.

Similar to appellees' withdrawn business disparagement counterclaim, their tortious interference counterclaim requires proof of damages. However, as discussed above, appellees provided no evidence of damages that would satisfy the TCPA's requirement for clear and specific evidence. Additionally, the record contains no evidence that there was a reasonable probability that appellees would have entered into a business relationship with a third party; Buttles acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; Buttles's conduct was independently tortious or unlawful; or any interference proximately caused appellees' injury. Appellees failed to meet their burden to establish all of the requisite elements of their withdrawn tortious interference counterclaim by clear and specific evidence. Accordingly, we conclude the trial court erred by denying Buttles's motion to dismiss appellees' counterclaim for tortious interference with current or prospective business relations.

### C.    Breach of Contract

Appellees alleged they entered into valid and enforceable contracts with Buttles, and Buttles breached the contracts. A breach of contract action requires proof of four elements: (1) formation of a valid contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages to the plaintiff resulting from the breach. *S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 846, 847 (Tex. 2018). Generally, "the benefits and burdens of a contract belong solely to the

contracting parties, and 'no person can sue upon a contract except he be a party to or in privity with it.'" [3] *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (citation omitted). Appellees argue their breach of contract counterclaim legally could not have been based on Buttles's communications to the SML, and, accordingly, Buttles could not show this counterclaim is based on or in response to his communications with the SML. We agree.

Applying the general rule, appellees could only pursue a claim for breach of contract as parties to the contract that forms the basis of their claim. *See id.* Thus, the contract that forms the basis of their claim must be the contract they allege exists with Buttles. No party alleges a contract exists between Buttles and the SML, and, even if such a contract existed, appellees would have no cause of action for breach of that contract. *See id.* Accordingly, based on appellees' pleading, we conclude Buttles failed to meet his initial burden to show by a preponderance of the evidence that appellees' breach of contract counterclaim is based on or is in response to his exercise of his right to petition the SML. *See McLane Champions, LLC*, 671 S.W.3d at 914; s*ee also* TEX. CIV. PRAC. & REM. CODE §§ 27.005(b)(1)(C).

We conclude the trial court did not err by denying Buttles's motion to dismiss appellees' counterclaim for breach of contract.

---

[3] An exception to this rule permits a person who is not a party to the contract to sue for damages caused by its breach if the person qualifies as a third-party beneficiary. *See Brummitt*, 519 S.W.3d at 102. No allegations of third-party beneficiaries or privity are made, and we assume those concepts are not at issue in this appeal.

### D. Negligent Misrepresentation

Appellees argue their negligent misrepresentation counterclaim legally could not have been based on Buttles's communications to the SML. Appellees allege Buttles employed a course of conduct and made negligent misrepresentations to them, Buttles knew the misrepresentations and concealment of facts were false, and he did so with the intent of gaining his own financial advantage. The elements of a negligent misrepresentation cause of action are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Fagin v. Inwood Nat'l Bank*, No. 05-21-00878-CV, 2023 WL 6547936, at *5 (Tex. App.—Dallas Oct. 9, 2023, pet. filed) (mem. op.) (citing *AKB Hendrick, LP v. Musgrave Enters., Inc.*, 380 S.W.3d 221, 237 (Tex. App.—Dallas 2012, no pet.)).

Appellees' negligent misrepresentation counterclaim is based on Buttles's alleged misrepresentations to them about an outstanding judgment and concealment of those facts from them rather than on Buttles's communications with the SML. Accordingly, we conclude Buttles failed to meet his initial burden to show by a preponderance of the evidence that appellees' negligent misrepresentation counterclaim is based on or in response to the exercise of his right to petition the

–12–

SML. *See McLane Champions, LLC*, 671 S.W.3d at 914; s*ee also* TEX. CIV. PRAC. & REM. CODE §§ 27.005(b)(1)(C).

We conclude the trial court did not err by denying Buttles's motion to dismiss appellees' counterclaim for negligent misrepresentation.

CONCLUSION

We reverse the trial court's November 2, 2023 Order Denying Plaintiff's Motion to Dismiss Defendants' Counterclaims Pursuant to the TCPA in part and we affirm in part. The trial court's order is reversed as to appellees' claims for business disparagement and tortious interference with current or prospective business relations. The trial court's order is affirmed as to appellees' claims for negligent misrepresentation and breach of contract.

We remand the case for further proceedings. On remand, the trial court is ordered to dismiss with prejudice appellees' claims for business disparagement and tortious interference with current or prospective business relations.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

231138F.P05

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN S. BUTTLES, JR., Appellant

No. 05-23-01138-CV     V.

INFINITE FINANCIAL
CORPORATION AND TED L.
FERRIER, III, Appellees

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-00809-
2023.
Opinion delivered by Justice Nowell.
Justices Molberg and Kennedy
participating.

In accordance with this Court's opinion of this date, the trial court's
November 2, 2023 Order Denying Plaintiff's Motion to Dismiss Defendants'
Counterclaims Pursuant to the TCPA is **REVERSED** in part and **AFFIRMED** in
part.

The trial court's order is **REVERSED** as to the claims for business
disparagement and tortious interference with current or prospective business
relations asserted by appellees Infinite Financial Corporation and Ted L. Ferrier,
III. The trial court's order is **AFFIRMED** as to appellees' claims for negligent
misrepresentation and breach of contract.

The case is **REMANDED** for further proceedings. On remand, the trial
court is **ORDERED** to dismiss with prejudice appellees' claims for business
disparagement and tortious interference with current or prospective business
relations.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 30th day of July 2024.